**OREGON PRECISION INDUSTRIES, INC., an Oregon corporation, Plaintiff,**

v.

**INTERNATIONAL OMNI–PAC CORPORATION, a California corporation, and Statco Engineering & Fabricators, Inc., dba Monroe Machinery & Supplies, a California corporation, Defendants.**

Civ. No. 94–1087–FR.

United States District Court, D. Oregon.

March 17, 1995.

and Statco Engineering & Fabricators, Inc., dba Monroe Machinery & Supplies (Statco), because of their refusal to comply with Precision's discovery requests (# 20–1); (2) to compel the production of documents in response to its Second Request for Production and a subpoena duces tecum served upon Statco (# 20–2); and (3) for an award of attorney fees (# 20–4).

## BACKGROUND

Precision alleges that Omni–Pac and Statco have infringed its patent. Omni–Pac moves the court to dismiss Precision's complaint for lack of personal jurisdiction. Statco concedes that the court has jurisdiction over it; however, Statco moves the court to dismiss this action against it for failure to state a claim for relief and, in the alternative, to transfer this action under 28 U.S.C. § 1404(a). Precision opposes the motions of Omni–Pac and Statco to dismiss or to transfer on the ground that Omni–Pac and Statco have refused Precision's requests for discovery.

The parties have stipulated that discovery at this time is limited to the issue of whether the court may exercise personal jurisdiction over Omni–Pac. Defendants' Memorandum in Opposition to Plaintiff's Discovery Motion, p. 4. On January 12, 1995, Precision served a subpoena duces tecum upon Statco requesting the production of documents relating to the business licenses of Statco and the business relationship between Omni–Pac and Statco; all records of Statco's sales and shipments of any product from 1989 to the present; and all records of any sale or shipment or distribution of any product made or sold by Omni–Pac over the last five years. Also on January 12, 1995, Precision served Omni–Pac with its Second Request for Production seeking documents showing the dollar volume and the ultimate destination of any product sold by Omni–Pac from 1989 to the present; all documents showing the customers of Omni–Pac and the distributors of any product made or sold by Omni–Pac; all documents pertaining to any lawsuit involving Omni–Pac in any court of the State of Oregon; and all documents pertaining to the

Daniel P. Chernoff, Dennis E. Stenzel, Chernoff, Vilhauer, McClung & Stenzel, Portland, OR, for plaintiff.

D. Lawrence Wobbrock, Portland, OR, and Lyle R. Mink, Los Angeles, CA, for defendants.

## OPINION

FRYE, Judge:

The matters before the court are the motions of the plaintiff, Oregon Precision Industries, Inc. (Precision): (1) to deny the motions to dismiss of the defendants, International Omni–Pac Corporation (Omni–Pac)

business relationship between Omni–Pac and Statco.

On January 27, 1995, at the time that depositions were taken in Seattle, Washington, counsel for Statco objected to portions of the subpoena duces tecum. On February 8, 1995, Statco served Precision with its objections to the subpoena duces tecum. Omni–Pac, however, did not respond until February 22, 1995 to Precision's Second Request for Production served on January 12, 1995. This response was an untimely response under Rule 34 of the Federal Rules of Civil Procedure.

## CONTENTIONS OF THE PARTIES

Precision argues that it is entitled to all of the documents relating to Omni–Pac's activities in the State of Oregon, including documents which show its business relationship with Statco, a corporation which is doing business in the State of Oregon under the name of Monroe Machinery & Supplies. Precision argues that all of Omni–Pac's activities in the State of Oregon are relevant to the issue of personal jurisdiction, including activities involving non-infringing products. In addition, Precision contends that Omni–Pac and Statco have waived any objections to its discovery requests under Local Rule 230–3 by failing to object in a timely manner. Precision argues that Statco should have made all of its objections to the requests for production in the subpoena duces tecum at the time that the deposition of its representative was taken in Seattle, Washington on January 27, 1995. Precision also argues that Omni–Pac has waived any objections it may have had to the requests in the Second Request for Production because it did not respond to the Second Request for Production until February 22, 1995, more than thirty days after Omni–Pac was served with the request.

Omni–Pac and Statco argue that Precision's discovery demands are too broad and are unduly burdensome because they are not restricted to a time after the issuance of Precision's patent and are not limited to the allegedly infringing product. In addition, Statco maintains that Precision is not entitled to documents pertaining to its activities in the State of Oregon, apart from the allegedly infringing product, because Statco has conceded that it is subject to this court's personal jurisdiction. Statco and Omni–Pac argue that they did not waive their objections to the discovery requests, and that Precision has the burden of establishing that the documents it seeks are within the scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure. Omni–Pac contends that it reasonably believed that it did not have to respond to the Second Request for Production because counsel for Precision had informed Omni–Pac that it only needed to respond to the subpoena duces tecum. Omni–Pac contends that it did not know that Precision wanted a response to the Second Request for Production until February 12, 1995, and that it served its response on Precision on February 22, 1995.

## APPLICABLE LAW

■ Rule 26(b)(1) of the Federal Rules of Civil Procedure states, in part:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The scope of discovery is broad and encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978).

## ANALYSIS AND RULING

■ Omni–Pac concedes that its response to Precision's Second Request for Production was not timely. However, Omni–Pac states that it believed that its compliance with the subpoena duces tecum satisfied Precision's discovery requests. The type of documents requested in the subpoena duces tecum are similar to the type of documents sought in Precision's Second Request for Production. As soon as Omni–Pac discovered that Precision wanted a response to the Second Request for Production, in addition to a re-

sponse to the subpoena duces tecum, Omni–Pac promptly responded to the Second Request for Production. By letters dated January 31, 1995 and February 3, 1995, Precision and Omni–Pac discussed their impasse concerning the scope of discovery relating to jurisdiction. From those letters, it appears that Precision became aware of the objections of Omni–Pac to the type of discovery sought in Precision's Second Request for Production before Omni–Pac's response was due, even though Omni–Pac's formal response was not served on Precision until February 22, 1995. Exhibits 7 and 8 to the Affidavit of Dennis E. Stenzel. In view of the conversations which took place between the parties regarding the scope of discovery, the court finds that Omni–Pac did not waive its objections by its untimely response to Precision's Second Request for Production.

■ Precision moves the court to compel the production of documents responsive to the subpoena duces tecum and to the Second Request for Production that it has served on Omni–Pac and Statco. In Requests No. 8 and 9 of its Second Request for Production, Precision seeks all documents showing the volume of sales of all products sold by Omni–Pac and their ultimate destination since 1989 and all documents showing all of Omni–Pac's customers and distributors. Precision relies on a district court opinion in *Best Lock Corp. v. Ilco Unican Corp.*, 32 USPQ 2d 1223, 1994 WL 558813 (S.D.Ind.1994), to support its claim of entitlement to the documents. In *Best Lock*, the district court found that it had general personal jurisdiction over the defendant in a patent infringement case because the defendant had thirty-seven customers and over $500,000 worth of sales of non-infringing products in the forum state. Omni–Pac has refused to produce the documents responsive to Requests No. 8 and 9 on the ground that the only documents relevant to this action are documents showing Omni–Pac's sales of the allegedly infringing products in the State of Oregon after April 26, 1994, the date that Precision's patent was issued.

The court concludes that Precision is entitled to discovery of documents which pertain to Omni–Pac's activities in the State of Oregon for the purpose of establishing this court's jurisdiction over Omni–Pac. Information regarding Omni–Pac's contacts with the State of Oregon, including its volume of sales and the number of its customers and distributors, is relevant to the issue of personal jurisdiction. *See Best Lock, supra,* 32 USPQ 2d at 1224. However, Precision has made no showing that information regarding Omni–Pac's activities outside of the State of Oregon is relevant to the issue of personal jurisdiction. Therefore, the court will restrict Requests No. 8 and 9 of the Second Request for Production to documents pertaining to Omni–Pac's activities in the State of Oregon.

■ In Request No. 10 of its Second Request for Production, Precision seeks all documents pertaining to any lawsuit involving Omni–Pac in any court in the State of Oregon. This request is properly limited to the State of Oregon and to those responsive documents, if any, that could show contacts between Omni–Pac and the State of Oregon and are relevant to the issue of personal jurisdiction.

■ In Request No. 11 of its Second Request for Production, Precision seeks all documents pertaining to the business relationship between Omni–Pac and Statco. Statco conducts business in the State of Oregon under the name of Monroe Machinery & Supplies. Omni–Pac has entered into an exclusive distributorship agreement with Statco, whereby Statco is the sole distributor of the allegedly infringing product in seven states, including the State of Oregon. The court finds that evidence of the business relationship between Omni–Pac and Statco, as it relates to the State of Oregon, is reasonably calculated to lead to admissible evidence on the issue of jurisdiction.

Precision served Statco with a subpoena duces tecum requesting a variety of documents. Although Statco objected to Requests No. 1 and 2, it produced responsive documents. The court accepts that representation and finds that the motion to compel as to Requests No. 1 and 2 of the subpoena duces tecum is moot.

In its memorandum in support of its motion to compel, Precision does not argue that it is entitled to documents under Request No. 3 of the subpoena duces tecum. Therefore, the court deems moot the motion to compel as to Request No. 3 of the subpoena duces tecum.

In Request No. 4, Precision seeks the records of any sale or shipment or distribution of any product made or sold by Omni–Pac from 1989 to the date of the request. This is the same information that Precision seeks in Request No. 9 discussed above. For the same reasons that the court limited the scope of Request No. 9, Request No. 4 of the subpoena duces tecum is limited to the volume of sales or shipment or distribution of products by Omni–Pac since 1989 that were destined for the State of Oregon.

Because the court has limited the scope of Precision's discovery requests, the motion of Precision to dismiss the motions of Omni–Pac and Statco for Omni–Pac's refusal to comply with the discovery requests of Precision is denied. Furthermore, the motion of Precision for attorney fees in connection with the deposition of Statco's representative taken in Seattle, Washington on January 27, 1995 and in connection with the preparation of this motion is also denied.

## CONCLUSION

The court rules as follows:

(1) The motion of Precision to deny the motions to dismiss of Omni–Pac and Statco for refusing to comply with discovery requests (# 20–1) is denied.

(2) The motion of Precision to compel (# 20–2) is granted as to Request No. 4 of the subpoena duces tecum as to the volume of sales or shipment or distribution of products by Omni–Pac since 1989 that were destined for the State of Oregon; is granted as to Requests No. 8 and 9 of the Second Request for Production as to the volume of sales of products made by Omni–Pac in the State of Oregon and the number of customers and distributors of Omni–Pac in the State of Oregon; is granted as to Request No. 10 of the Second Request for Production; is granted as to Request No. 11 of the Second Request for Production as to the business relationship of Omni–Pac and Statco as it relates to the State of Oregon; and is deemed moot as to Requests No. 1, 2 and 3 of the subpoena duces tecum.

(3) The motion of Precision for an award of attorney fees (# 20–4) is denied.

## ORDER

IT IS HEREBY ORDERED:

(1) Plaintiff's motion to deny defendants' motions to dismiss for refusing to comply with discovery requests (# 20–1) is DENIED.

(2) Plaintiff's motion to compel (# 20–2) is GRANTED as to Request No. 4 of the subpoena duces tecum as to the volume of sales or shipment or distribution of products by Omni–Pac since 1989 that were destined for the State of Oregon; is GRANTED as to Requests No. 8 and 9 of the Second Request for Production as to the volume of sales of products made by defendant International Omni–Pac Corporation (Omni–Pac) in the State of Oregon and the number of customers and distributors of Omni–Pac in the State of Oregon; is GRANTED as to Request No. 10 of the Second Request for Production; is GRANTED as to Request No. 11 of the Second Request for Production as to the business relationship of Omni–Pac and defendant Statco Engineering & Fabricators, Inc. as it relates to the State of Oregon; and is DEEMED MOOT as to Requests No. 1, 2 and 3 of the subpoena duces tecum.

(3) Plaintiff's motion for an award of attorney fees (# 20–4) is DENIED.